# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40682
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2015

Lyle W. Cayce
Clerk

IRA W. BREWER; EUGENIA BREWER,

> Plaintiffs - Appellants

v.

BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans
Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P.;
U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Certificate
Holders of the Bear Stearns ARM Trust Mortgage Pass Through Certificates,
Series 2004-2, Its Successors and/or Assigns,

> Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-00638

---

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ira and Eugenia Brewer appeal the district court's grant of summary
judgment in favor of defendants on their claim arising under the Truth in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Lending Act, 15 U.S.C. § 1601 *et seq* ("TILA").[1]  The district court concluded that plaintiffs' TILA claim failed for two independent reasons.  First, the district court concluded that the relevant one-year statute of limitations had run by the time plaintiffs filed suit in October 2013 and that plaintiffs had failed to present a genuine issue of material fact as to whether equitable tolling should apply.  Second, the district court concluded that plaintiffs had failed to raise a genuine issue of material fact as to whether they suffered actual damages as a result of the alleged TILA violation.

On appeal, plaintiffs' opening brief is exclusively devoted to challenging the district court's conclusion with respect to actual damages and nowhere challenges the district court's alternative conclusion that summary judgment was appropriate based on the running of the statute of limitations.  Plaintiffs have therefore waived any argument that the district court erred in concluding that the statute of limitations foreclosed their TILA claim and that equitable tolling did not apply to their case.  *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal.").  In light of plaintiffs' failure to contest the district court's determination that the statute of limitations barred their TILA claim, we AFFIRM the district court's grant of summary judgment on that basis alone.

---

[1] The district court also granted summary judgment in favor of defendants on plaintiffs' claims for breach of contract, trespass to try title, quiet title, and declaratory judgment.  However, because plaintiffs have not appealed those adverse rulings, our review is limited solely to considering whether the district court erred in granting summary judgment in favor of defendants on plaintiffs' TILA claim.